J-S49036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL ROSARIO, | |
| Appellant | No. 292 MDA 2015 |

Appeal from the Judgment of Sentence of January 14, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000859-2008

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                  **FILED AUGUST 11, 2015**

Appellant, Daniel Rosario, appeals from the judgment of sentence entered on January 14, 2015 in the Criminal Division of the Court of Common Pleas of Lackawanna County following revocation of his probation. On appeal, counsel filed an application to withdraw from representation pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981) and its federal precursor, **Anders v. California**, 386 U.S. 738 (1967), as well as an **Anders** brief on Appellant's behalf.[1]  Upon careful consideration, we grant counsel's leave to withdraw and affirm the judgment of sentence.

The pertinent facts and procedural history of this case are as follows. In June 2008, Appellant pled guilty to possession of a controlled substance

---

[1] Appellant has not responded to counsel's application to withdraw.

with intent to deliver, 35 Pa.C.S.A. § 780-113(A)(30). Thereafter, in September 2008, the court sentenced Appellant to one and one-half to five years' imprisonment, followed by two years of special probation.

The Lackawanna County Department of Probation and Parole filed a petition alleging that Appellant violated conditions one and four of his special probation/parole conditions. Specifically, the petition alleged that Appellant relocated from Lackawanna County to Florida without prior approval. In addition, the petition charged that Appellant violated a probationary condition that required him to comply with all municipal, state, and federal laws. The petition alleged that on August 26, 2014, the Sheriff's Department of Osceola County, Florida arrested Appellant and charged him with theft and resisting arrest. Appellant pled guilty to both offenses and was sentenced on October 16, 2014 to time served.

At a *Gagnon II*[2] hearing on January 14, 2015, Appellant stipulated to these violations and received a revocation sentence of one and one-half to three years' imprisonment in a state correctional institution, followed by two years of special probation. Order, 1/14/15. At sentencing, the revocation court explained that it imposed a sentence of total incarceration in this case because of the number of violations Appellant committed during the course of his probation, as well as Appellant's convictions for new offenses in

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

- 2 -

Florida. Appellant moved for reconsideration of his sentence on January 14, 2015 and the trial court denied his request by order entered on January 20, 2015. Order, 1/20/15. This timely appeal followed.[3]

On appeal, counsel filed a purported **Anders** brief in this Court and an accompanying application to withdraw as counsel. The **Anders** brief presents two potential issues for our review:

> Whether the [revocation] court imposed an inappropriately harsh and excessive sentence, which constituted an abuse of discretion?
>
> Whether the [revocation] court failed to take into consideration [Appellant's] rehabilitation needs when it imposed its sentence?

Appellant's Brief at 4 (complete capitalization omitted).

> Before addressing the merits of the underlying issue that [Appellant] presents for our review, we first must pass upon

_____

[3] Appellant filed a *pro se* notice of appeal on January 14, 2015. Although Appellant's *pro se* filing represents a violation of the policy against hybrid representation and a departure from conventional practice, our Supreme Court previously held that a revoked probationer's premature *pro se* notice of appeal does not divest a trial court of jurisdiction to act upon a timely post-sentence motion later filed by defense counsel. **Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) ("The proper way to view [such a] *pro se* appeal [] is as a premature appeal that was perfected upon the trial court's proper consideration and denial of the counseled post-sentence motions."). Hence, Appellant's *pro se* submission does not foreclose our review. By order dated February 11, 2015, the trial court appointed appellate counsel and directed the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his concise statement, which included both issues listed in the **Anders** brief. As yet, the court has not issued its opinion pursuant to Pa.R.A.P. 1925(a).

counsel's petition to withdraw as counsel. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and,

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to the appellant. Attending the brief must be a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007); ***see Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010); ***Commonwealth v. Millisock***, 873 A.2d 748, 751–752 (Pa. Super. 2005).

***Commonwealth v. Harden***, 103 A.3d 107, 110 (Pa. Super. 2014).

Our review of counsel's petition to withdraw and the accompanying brief reveals that counsel substantially complied with ***Santiago***'s procedural requirements. The ***Anders*** brief provides a factual and procedural history detailing the events relevant to the instant appeal, along with appropriate citations. ***Anders*** Brief 5–6. The ***Anders*** brief also identifies two

- 4 -

discretionary sentencing claims that Appellant seeks to raise on appeal: a claim alleging that the revocation court abused its discretion in imposing an excessive sentence and a claim alleging an abuse of discretion stemming from the court's alleged failure to consider Appellant's rehabilitative needs in fixing his sentence. *Id.* at 4. Counsel addresses the applicable facts and pertinent principles of law, ultimately concluding that this claim would be frivolous. *Id.* at 7 and 12–15. Although counsel's application to withdraw omitted language describing the nature of counsel's review of the record and setting forth her conclusion that any appeal would be wholly frivolous, **see** Petition to Withdraw as Counsel, 5/22/15, counsel included this language in the *Anders* brief and in her letter forwarding the brief and withdrawal application to Appellant. *Anders* Brief at 7 ("Upon receiving a briefing schedule, present counsel made a conscientious examination of the record and ultimately determined an appeal would be wholly frivolous."); Letter, 5/22/15 ("After a thorough review of the record, I have determined that any appeal would be frivolous.").

Additionally, in accordance with *Nischan*, counsel forwarded Appellant a copy of the *Anders* brief and a letter informing him that he has the right to hire a new attorney, to proceed with an appeal on his own, and to raise any additional points that he thinks are worthy of this Court's attention. Letter, 5/22/15. Accordingly, counsel substantially complied with the

requirements set forth in **Nischan**, 928 A.2d at 353. **See also Millisock**, 873 A.2d at 751–752.

We turn now to an independent review of the record to determine whether the issues identified by Appellant in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354, *quoting* **Anders**, 386 U.S. at 744 ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

The two issues identified in the **Anders** brief challenge the discretionary aspects of Appellant's revocation sentence.[4] "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

---

[4] It is now well-settled that we may consider discretionary challenges to a revocation sentence. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*) ("[W]e unequivocally hold that this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges.").

As this Court explained:

[t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Appellant filed a timely notice of appeal and preserved his claims by filing a timely reconsideration motion and a concise statement pursuant to Rule 1925(b) alleging that his sentence was excessive and that certain environmental circumstances were not fully developed for the court's consideration. Appellant's brief also includes a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.

As we explained:

The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted). Section 9721 expresses these general principles in the following manner:

- 7 -

the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). "In determining whether a substantial question exists, this Court does not examine the merits of the sentencing claim." **Cartrette**, 83 A.3d at 1042, *citing* **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987).

As stated above, Appellant raises two discretionary challenges on appeal: a claim alleging that the revocation court abused its discretion in imposing an excessive sentence and a claim alleging an abuse of discretion arising from the court's alleged failure to consider Appellant's rehabilitative needs. In his Rule 2119(f) statement, Appellant refers to his excessive sentence claim without detailed elaboration. This Court previously held that "a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim." **Commonwealth v. Harvard**, 64 A.3d 690, 701 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 77 A.3d 636 (Pa. 2013). As for his second contention, Appellant nowhere mentions his rehabilitative needs claim in his Pa.R.A.P. 2119(f) statement. Thus, although we have held that the failure to consider the sentencing factors delineated in 42 Pa.C.S. § 9721(b) raises a substantial question, **Catrette**, 83 A.3d at 1042, Appellant's failure to mention this claim in his Pa.R.A.P. 2119(f) statement leads us to conclude that he has waived appellate review of this issue.

Moreover, even if we were to reach the merits of Appellant's claims pursuant to our duty to review the record independently, we agree with counsel that Appellant's issues are wholly frivolous. At sentencing, the court provided its reasons for Appellant's sentence. It set forth a lengthy list of parole and probations committed by Appellant, including: curfew violations, failure to maintain employment, failure to notify authorities of change in status, positive urine analysis, and incarceration. N.T. Sentencing, 1/14/15, at 4. The court also was aware that Appellant recently relocated out-of-state without permission and incurred new charges in violation of the conditions of his probation. The record reveals that the sentencing court properly and adequately considered the factors included in 42 Pa.C.S.A. § 9721(b). Hence, no relief is due on Appellant's discretionary sentencing challenges.

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015

- 9 -